## W. H. KEMP v. THE STATE OF TEXAS.

1. The discretion confided in the Judge by Article 3046, Paschal's Digest, in allowing testimony to be introduced on the trial of a criminal cause at any time before the argument of counsel is concluded, will not be made the subject of revision in the appellate court, unless it appear that the discretion has been abused to defeat the ends of justice.

2. On trial under a charge for driving cattle from their accustomed range, without consent of the owner, evidence that the defendant acknowledged to the inspector that he had no bill of sale from the owner, and turned the cattle loose; that he again gathered the same cattle, and afterwards confessed in another county to which he had driven them that he had no bill of sale—*held*, sufficient evidence of want of consent of the owner, in the absence of evidence on the part of defense of authority from the owner to drive.

3. No new trial will be granted on account of newly discovered evidence, which is only cumulative in its character.

APPEAL from Hamilton. Tried below before the Hon. J. P. Osterhout.

Indictment for driving cattle from their accustomed range without the consent of the owner. The record does not disclose the character of the testimony which the

District Attorney was permitted to introduce after the argument had begun. The facts on which the conviction was obtained are substantially stated in the opinion.

*McGinnis & Lowry*, for appellant.

*Attorney-General*, for appellee.

OGDEN, J.—Article 3046, Paschal's Digest, provides that upon the trial of criminal cases, "the court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is necessary to the due administration of justice." This statute was intended to give the District Court great discretion in the admission of testimony ; and in order that justice may be administered in all cases, it has materially changed the rigid rule which had hitherto obtained, in regard to the admission of evidence. It is believed that the discretion thus confided to the District Court was intended not to be a subject of revision by the appellate court, unless it be made to appear that the discretion has been abused to defeat the ends of justice. In the case at bar, it is believed that the court exercised that discretion in full accordance with the letter and spirit of the law, and that the ruling in that respect is not properly a subject for revision.

The proof that the defendant had gathered cattle not his own ; that when called upon by the inspector, acknowledged that he had no bill of sale from the owners, and because of the want of the bill of sale, consented to turn the cattle loose ; and then having gathered the cattle again, and driven them into another county, and when there required to produce a bill of sale, again confessed he had none, is sufficient proof of the want of consent of the owner to authorize a conviction ; unless, as a matter of defense, he had rebutted the presumption

raised by these facts, by proving his authority or the consent of the owner. The charge of the court, therefore, complained of in the motion for a new trial, was, under all the circumstances surrounding this case, substantially correct, and we do not feel called upon to disturb the judgment because of any error complained of in that charge. Neither did the court err in overruling the motion for a new trial, on account of the alleged newly discovered evidence. The testimony, if admitted, would have been wholly irrelevant, and entirely foreign to the accusation against the defendant below; besides, if admissible at all, it would have been cumulative evidence, for the very facts proposed to be proven by Barrow had already been proven by Snow; and it has repeatedly been held, that no new trial will be awarded to let in newly discovered cumulative evidence.

Being unable to discover any sufficient error in the judgment of the District Court to require a reversal of the same, it is affirmed.

AFFIRMED.