## TOM CADDELL v. THE STATE.

### No. 3358.     Decided December 13, 1905.

**1.—Burglary—Want of Consent.**

On a trial for burglary, the ownership of the house alleged to have been burglarized, as well as the property, was alleged to be in two different persons; there was nothing in the record to show that one of the owners was asked while on the witness stand in regard to his want of consent, and he did not testify in regard to it. Held that want of consent had not been proven, as this cannot be inferred, especially where this fact could have been proven by the witness on the stand.

**2.—Same—Evidence—Hearsay.**

On trial for burglary the fact that a small plug of tobacco had been found, but not indentified as the tobacco taken from the burglarized house was hearsay testimony.

**3.—Same—Hearsay—Evidence.**

On a trial for burglary, evidence that several pounds of tobacco was found in the defendant's bed, between the mattresses, not identified in any way to connect this tobacco with that which was stolen, was hearsay evidence and inadmissible. Brooks, Judge, dissenting.

Appeal from the District Court of Henderson. Tried below before Hon. D. H. Gardner.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John S. Prince,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a burglary conviction. The ownership of the house alleged to have been burglarized, as well as the property, is alleged to be in W. T. Cole and W. L. Cole. Error is assigned on the failure of the State to prove the want of consent of W. L. Cole. He testified, and there is nothing in the record to show that he was asked in regard to his want of consent, and he did wish to testify in regard to it. It is supposed that the State relies upon the

fact that the circumstances might justify the conclusion that he did not consent. This is not sufficient. Here the witness did testify before the jury, and it could have been very easily shown whether or not he consented. Good v. State, 30 Texas Crim. App., 276; Wisdom v. State, 42 Texas Crim. Rep., 579. In Wisdom's case, it was said: "Where the alleged owner is a witness, and fails to give direct and positive testimony to his want of consent to the taking of the property, such want of consent will not be inferred from other circumstances in evidence. Good v. State, 30 Texas Crim. App., 276. While it is true that the want of consent may be proved by circumstantial evidence, as said in Wilson's case, 45 Texas, 76; Kemp's case, 38 Texas, 110; McMahon's case, 1 Texas Crim. App., 102; Welsh's case, 3 Texas Crim. App., 422; Trafton's case, 5 Texas Crim. App., 480; Clayton's case, 15 Texas Crim. App., 348; Schultz's case, 20 Texas Crim. App., 308; Mackey's case, 20 Texas Crim. App., 603—yet this character of evidence can not be resorted to where direct evidence of the fact is obtainable. Jackson v. State, 7 Texas Crim. App., 363; Stewart v. State, 9 Texas Crim. App., 321; Wilson v. State, 12 Texas Crim. App., 481; Bowling v. State, 13 Texas Crim. App., 338; Williamson v. State, 13 Texas Crim. App., 514; Anderson v. State, 14 Texas Crim. App., 49; Love v. State, 15 Texas Crim. App., 563; Clayton v. State, 15 Texas Crim. App., 348; Miller v. State, 18 Texas Crim. App., 34; Pratt v. State, 9 Texas Crim. App., 276; Scott v. State, 19 Texas Crim. App., 325; Schultz v. State, 20 Texas Crim. App., 308. It is a familiar rule that the best evidence attainable must be adduced." This case comes strictly within the rule laid down in the Wisdom case, and supporting authorities.

E. H. Carter testified, over appellant's objection that his 16-year-old daughter went to the post office at Stockard, on Sunday after the burglary, the usually traveled road, leading from Stockard to defendant's residence, and brought back with her a small plug of tobacco, which had the words "Town Talk," on it. The burglary should have occurred in the little town of Stockard. We believe this testimony was inadmissible. If it was desired to introduce this testimony, the girl should have been used as a witness. This is entirely hearsay.

There was also evidence introduced to the effect that some ten days after the alleged burglary, several pounds of tobacco was found in the defendant's bed, between the mattresses. Objection was urged to this. The tobacco taken from the store was a considerable quantity, and was identified by the different brands, some of it being called "Dash," "Town Talk," "Roll Call," etc. There was nothing in the testimony shown by the bill, indicating that the tobacco found at appellant's house belonged to any of these brands, or in any way tended to connect this tobacco with that which was stolen. Appellant used tobacco, as did the other members of the family where he lived: he residing with his father. As shown in the bill we do not believe this testimony was admissible. Of course, any fact or circumstance which would

tend to connect defendant with the burglary was admissible, but there must be some connection or some fact connecting the tobacco, if it was in possession of defendant or controlled by him, with that taken from the store of the Coles. It certainly ought not to be taken as a criminative fact, against a man who uses tobacco, that he has tobacco in his possession. There must be some evidence introduced connecting the tobacco in his possession with that stolen.

We believe the application for continuance should have been granted, though we do not deem it necessary to enter into a discussion of it, because that question can hardly arise upon another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

BROOKS, JUDGE.—Thinks evidence in regard to the tobacco found under the defendant's bed ought to be admitted.