## JAMES GARRETT v. THE STATE.

No. 19124.   Delivered October 20, 1937.

The opinion states the case.

*Nat Gentry, Jr.,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property over the value of fifty dollars; the punishment, confinement in the penitentiary for two years.

Witnesses for the State testified that on the 10th of December, 1935, appellant took five overcoats of the value of $62.50 from the store of Montgomery-Ward in Tyler, Texas. Appellant did not testify. However, he introduced a witness whose testimony was to the effect that appellant was not in the city of Tyler on the occasion that the property in question was taken.

It was alleged in the indictment that the overcoats were the corporeal personal property of E. A. Hilleary and were taken from his possession without his consent. Mr. Hilleary, who was manager of Montgomery-Ward's store in Tyler, testified upon the trial. However, he failed to state directly and in terms that he did not consent to the taking of the property. An examination of his testimony shows that he went no further than to state that the value of the overcoats was $62.50.

In Hunt v. State, 231 S. W., 775, it is shown that the alleged owner and possessor of the alleged stolen property testified to all the circumstances from which the jury might have inferred that said property was taken without his consent. However, at no time during his examination was he asked in regard to his want of consent. In reversing the judgment of conviction this court, speaking through Judge Hawkins, used language as follows:

"If the state relied upon the fact that the circumstances might justify the conclusion that he did not consent, it was not sufficient. Where the owner of the alleged stolen property is present and testifies before the jury, and fails to give direct and positive testimony as to his want of consent to the taking of the property, such want of consent will not be inferred from other circumstances in evidence. This question will be found fully discussed in Caddell v. State, 49 Texas Crim. Rep., 133, 90 S. W. (1013) 1014, 122 Am. St. Rep. 806, in which a great many cases are reviewed and cited."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.