LEOLA HOLMES, *alias* RED CLAYBOURN, *alias* LEOLA WHITE V. THE STATE.

No. 19791. Delivered June 8, 1938.

Rehearing Granted November 9, 1938.

State's Motion for Rehearing Denied January 11, 1939.

The opinion states the case.

*Martin & Shipman,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for two years.

The testimony adduced by the State was sufficient to warrant the conclusion of the jury that appellant stole a fur coat from Mrs. Horace Holley of the approximate value of $275.00.

Testifying in her own behalf, appellant denied taking the coat.

Appellant sought a continuance because of the absence of

the witness Edd Claybourn. The bill of exception is qualified as follows: "The indictment was returned in this case June 17, 1937, and defendant was arrested prior to June 23, 1937, and defendant did not procure subpoenas for the witness until November 12, 1937, five days before the date of trial." It does not appear that the witness had been served. Manifestly, appellant did not use the diligence required by law.

Appellant was employed by Lee White in the capacity of housekeeper, he paying her five dollars a week for her services. Officers testified that they found the stolen coat upon searching White's home. Appellant objected to all of the testimony touching the result of the search on the ground that it was not shown that the officers operated under a legal search warrant. The objection was not well taken. We quote from 56 Corpus Juris 1177, as follows: "While, of course under general rules above stated, a master or employer may, his servant or employee may not complain of an unauthorized search of the premises or possessions of the master or employer, where there has been no invasion of his own private rights." In support of the text several authorities are cited, among them being Ward v. State, 269 Pac. 389; and McFarland v. State, 7 S. W. (2d) 955. It is observed that the record fails to show that appellant's own private room was invaded by the officers.

Several bills of exception relate to alleged misconduct on the part of the district attorney. An examination of said bills leads us to the conclusion that they fail to reflect reversible error.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—The opinion on the motion for rehearing heretofore handed down by this court is hereby withdrawn and the following substituted therefor:

In the original submission argument herein and also in argument on motion for rehearing, our attention was not called to the propostition which was included in the briefs thereof, but which was overlooked by us,—that nowhere in the statement of facts is it shown that the cloak alleged to have been stolen by appellant was taken without the consent of the owner

thereof. We have searched the statement of facts, and read and re-read the same, and fail to find where such was proven or shown in the trial of this case, although such owner was twice placed upon the witness stand. It has long been held by us that where the owner of alleged stolen property is present and testified before the jury, and fails to give direct and positive testimony as to want of consent to the taking of the property, such want of consent will not be inferred from other circumstances in evidence. See Caddell v. State, 49 Texas Crim. Rep. 133, 90 S. W. Rep. 1014, 122 Am. St. Rep. 806, and cases there cited; also Hunt v. State, 231 S. W. Rep. 775; also Garrett v. State, 109 S. W. (2d) 487.

Under such a state of the record we have no other alternative than to grant the motion for a rehearing, and reverse the judgment and remand the cause.

The motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment herein is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

KRUEGER, JUDGE.—The State, by its district attorney, has filed a motion for a rehearing in which it is contended that we erred in reversing the judgment of the trial court. After a most careful review of the record in the light of the State's motion, we remain of the opinion that the cause was properly disposed of on appellant's motion for a rehearing. This court must confine itself to the record and cannot decide cases upon affidavits and other matters dehors the record. If we attempted to do so, we would experience an endless task of trying to decide controversies between the State and the accused which were not supported by the record. See Weeks v. State, 113 S. W. (2d), 532; McBride v. State, 93 Tex. Crim. Rep., 257; Davidson v. State, 4 S. W. (2d), 74.

The State's motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.