RICHARD B. WINN V. THE STATE.

No. 20704. Delivered January 3, 1940.

The opinion states the case.

*J. H. Baker,* of San Saba, and *F. A. Hammond,* of Burnet, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of sheep. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant first complains of the court's action in overruling his motion to quash the indictment. His contention, as we understand it, is that the jury commissioners for Burnet County at the November Term, 1937, selected a grand jury for the May Term, 1938, when in fact the law for that County provided for the 17th Monday after the first Monday in February, which date fell in the early part of June. Consequently there was no May Term, but a June Term. See R. C. S. Art. 199, 33d Judicial District. On the 10th day of May, the Clerk of said Court opened the envelope which contained the list of grand jurors and delivered it to the sheriff who summoned them to appear on June 6th. This was proper under the authority of Art. 2117 R. C. S. They appeared on said day and 12 of the 16 men called were duly selected and returned the indictment against appellant which is the basis of the instant prosecution. Appellant makes no contention that the grand jurors were improperly selected, but seems to rely entirely on the fact that the list shows that the grand jurors were called for a May Term.

The record fails to show that a challenge to the array of the grand jury was made; nor is it made to appear from the statement of facts, bills of exception, etc., that appellant was not under arrest or not out on bond charged with the offense prior to the time the grand jury was impaneled. An attack upon the legality of the grand jury must ordinarily be made by challenge to the array. In this case the record fails to show whether appellant was in jail or on bond when the grand jury was impaneled, and fails to show any excuse why he did not or could not have exercised the right of challenge provided by Art. 409 C. C. P. In the case of Smith v. State, 97

Tex. Crim. Rep., 6, this court said: "While it would seem permissible that one who was not under arrest nor charged with the offense at the time of the convening of the grand jury,—and who had no notice that such grand jury would investigate a crime involving him,—might make a motion to quash the indictment for some error in the formation of the grand jury, still in such case it must appear from the record that there existed such excuse or reason for not having presented a challenge to the array made necessary by the statute referred to."

Appellant not bringing himself within the provisions of any exception which would allow him to raise the question at that late date, he has thereby waived such right. See also Hickox v. State, 95 Tex. Crim. Rep., 173, 253 S. W., 823 and authorities there cited.

Appellant next complains of the action of the trial court in declining to grant his request for a peremptory instruction to the jury to return a verdict of not guilty on the ground of variance between the allegations in the indictment and the proof. It is his contention that since it is charged in the indictment that Joe C. Trammel was the owner and in possession of the alleged stolen sheep, the proof should conform thereto. This, of course, is sound as a legal proposition. He contends that the testimony shows that Joe C. Trammel was the owner of the alleged stolen sheep, but the father, J. A. Trammel, had the care, custody, control and management thereof. We are of the opinion, after a careful study of the record, that his contention is well founded. The record shows that Joe C. Trammel was engaged in the mercantile business in the town of San Angelo and that he resided there. That he leased a ranch in Burnet County something like 600 miles away upon which he put approximately 300 sheep. That he placed his father, J. A. Trammel, in possession of the ranch and the sheep and entrusted the care, custody, control and management thereof to him. This being true, the father J. A. Trammel, had possession of the sheep at the time they were stolen. Art. 1414 P. C. reads as follows: "To constitute theft it is not necessary that the possession and ownership of the property be in the same person at the time of taking."

Art. 1415 P. C. reads as follows: "Possession of the person so unlawfully deprived of property is constituted by the exercise of actual control, care and management of the property, whether the same be lawful or not."

Consequently the ownership of property may be in one

person and the possession thereof be in another, and it may be so charged in the indictment, but in such case, the want of consent of both parties must be shown.

It seems to be a well settled rule in this State that where the indictment charged the ownership and possession of the alleged stolen property to be in one person, and the proof shows the care, custody, control and management thereof to be in another, there is such a variance that a conviction cannot be sustained. The facts in this case bring it clearly within the rule announced in the case of Bailey v. State, 18 Tex. Crim. Rep., 432. See also Busby v. State, 106 Tex. Crim. Rep., 293, 292 S. W., 234; Ratcliff v. State, 88 Tex. Crim. Rep., 79, 225 S. W., 53 and authorities there cited.

Other matters complained of by appellant need not be discussed as they will most likely not arise upon another trial.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.