## V. N. LITCHFIELD V. THE STATE.

No. 22783. Delivered March 8, 1944.
Rehearing Denied (Without Written Opinion) April 26, 1944.

The opinion states the case.

*J. T. Adams* and *Homer E. Stephenson*, both of Orange, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted in the District Court of Orange County as a second offender for having driven an automobile on the public highway of said county while intoxicated, and his punishment was assessed at confinement in the state penitentiary for a perod of one year, from which judgment of conviction he prosecutes this appeal.

It was charged in the indictment that on or about the 18th day of December, 1942, and anterior to the presentment of the indictment, V. N. Litchfield, while intoxicated and while under the influence of intoxicating liquor, did drive and operate an automobile upon a public highway in Orange County, Texas. It was further charged that on the 6th day of July, 1942, the said V. N. Litchfield was tried and convicted in the County Court of Orange County upon an indictment of an offense of like character, then and there legally pending against him in said County Court and of which said court then and there had jurisdiction, setting forth the style and number of the case and charging that said judgment of conviction had become final.

The evidence introduced by the State on the question of his intoxication was controverted by the testimony of the appellant. Hence an issue of fact was raised which the jury decided adversely to him.

By Bill of Exception No. 1 he complains of the introduction in evidence of the style and number of the case as the same appeared on the Criminal Docket of the County Court, together with the following notation thereon:

"Date of Order, July 6, 1942. The defendant was brought before the Court and after being duly warned, entered a plea of guilty; he refused trial by jury and his punishment was fixed at $50.00 and costs of court, and his driver's license was suspended for six months from date of conviction."

Appellant objected to the introduction thereof in evidence on the ground that it was a mere docket entry and not a judgment

and therefore not the best evidence. The objection was overruled by the court and he duly excepted. As we understand the record, the State did not offer this evidence as showing his former conviction, but to show that there was at that date a case pending against the appellant on the docket of the County Court of Orange County. The State, later during the trial, introduced a judgment of conviction rendered and entered in said cause as the same appeared upon the criminal minutes of the County Court of Orange County. Consequently no reversible error is shown.

By Bills of Exception Nos. 2, 3 and 5 appellant complains of the testimony given by Henry Stanfield, Sheriff of Orange County, R. F. Bass, Chief of Police of the City of Orange, and C. C. Bearden, a State Highway Patrolman, to the effect that on the 24th day of June, 1942, appellant was drunk and under the influence of intoxicating liquor; that his tongue was thick; that he could hardly stand up and could not carry on a conversation, to all of which appellant objected on the ground that it was immaterial and irrelevant. The objection was overruled to which he excepted and requested the court to limit said evidence to the former conviction and to so instruct the jury, which the court did. While this evidence may have been immaterial on the trial of this case yet the judgment of conviction in the County Court was conclusive, not only of his intoxicated condition on said date but also of the fact that while in such condition he drove and operated an automobile on the public highway of this state, consequently the evidence objected to became harmless.

He next contends that the judgment of his conviction on the 6th day of July, 1942, in Cause No. 7096 is void because the indictment returned by the grand jury into the District Court of Orange County was not shown to have been transferred to the County Court by the judge thereof. We find in the record a stipulation to the effect that the indictment was transferred to the County Court of Orange County, State of Texas, bearing No. 7096 and filed in the County Clerk's Office of Orange County, Texas, on the 24th day of June, 1942. We deem this sufficient to show that the case was properly transferred from the District Court to the County Court. He having agreed that it was transferred, the presumption obtains that it was properly done in the absence of any showing to the contrary. However, he could not raise the question of the want of proper transfer of the case after his trial and conviction. See Thompson v. State, 2 Tex. Cr. App. 82; Lenzen v. State, 112 Tex. Cr. R. 297, and cases there cited. Nor could he attack the jurisdiction of said court in a collateral proceeding in another court.

Bill of Exception No. 4 is deemed to be without merit and we see no need of a discussion thereof.

Bill of Exception No. 6 is qualified by the trial court and as thus qualified fails to reflect any error.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.