EDGAR O'MARY V. STATE.

No. 24106. June 16, 1948.
State's Motion for Rehearing Overruled (Without Written Opinion)
October 13, 1948.

Hon. Arthur Tipps, Judge Presiding.

*Eugene Sherrod, Jr.,* of Wichita Falls, for appellant

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was charged by complaint and information with the theft of a ladies' purse of the value of $12.50, and in addition thereto, was charged with having theretofore been convicted of five offenses of like character. A trial before a jury resulted in his punishment being assessed at a fine of $1,000.00 and confinement in the county jail for a term of eight years.

Appellant's chief complaint is that the trial court erred in declining to instruct the jury to acquit him because of a variance between the allegations in the information, which follows the language of the complaint and the proof; in this, that the same charged that Edgar O'Mary, on or about the 2nd day of February, 1948, and before the filing of this complaint and information, in the County of Wichita and State of Texas, did then and there unlawfully and fraudulently take from the possession of Malcolm Strother, one purse of the value of $12.50, the same being the corporeal personal property of and belonging to said Malcolm Strother, without the consent of Malcolm Strother, etc.

Mr. Malcolm Strother testified that he was the owner of a shoe store in Wichita Falls, Texas; that he was the owner of

such a store at Memphis and one at Amarillo; that at the time the offense in question was committed, he was in Oklahoma something like 150 miles away. He further testified that he has a manager in each of his stores; that Guy Farmer is the manager of the store in Wichita Falls; that he has the authority to do anything he sees fit. In his absence, he leaves Guy Farmer in charge, who has care, custody, and control of the shop. He, Strother, owns the business and all the property in it, including the purse. Guy Farmer is his manager and he holds possession of the property for him, Mr. Strother.

It will thus be noted .that Guy Farmer was the manager of the store, he was in possession thereof and had custody and control of the property in the store including the purse in question. This being true, Guy Farmer had the actual possession, care, control, and management of the merchandise in the store at the time the alleged theft was committed. It seems to be the settled rule in this state that where the indictment charged the ownership and possession of the alleged stolen property to be in one person, and the proof shows the care, custody, control, and management thereof to be in another, there is such a variance that a conviction cannot be sustained.

The facts in this case bring it within the rule announced in the cases of Ratcliff v. State, 88 Tex. Cr. R. 79 (225 S. W. 53); Bailey v. State, 18 Tex. App. 426; Winn v. State, 138 Tex. Cr. R. 202 (135 S. W. (2d) 118); and cases there cited.

The other matters complained of by appellant need not be discussed as they will most likely not arise on another trial. However, on the question of the introduction of evidence as to his former convictions, we refer to the case of Litchfield v. State, 147 Tex. Cr. R. 201 (179 S. W. (2d) 507).

For the error herein pointed out, the judgment of the trial court is reversed and the case remanded.

Opinion approved by the Court.