## H. W. WHITE V. STATE

*No. 25410. October 24, 1951.*

Hon. Ben F. Thorpe, Judge Presiding.

*H. A. Leaverton,* Seminole,, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is an appeal from a conviction for theft of casing pipe, with punishment assessed at two years in the penitentiary.

The indictment alleged ownership of the pipe jointly in L. H. Armer and Vernon Bottom, Armer being the actual owner and Bottom, the special owner. Want of consent to the taking was alleged in both.

Upon the trial of the case, Bottom testified. We have examined the statement of facts with care, and agree with the appellant that nowhere therein did he testify that the pipe was taken without his consent.

Armer was shown to reside in Fort Worth, Texas. He did not testify. The record does not reflect that he was not available to the state as a witness.

It is the rule of long standing that where the owner of alleged stolen property is present and testifies in the case, he must testify to the want of consent to the taking of the property, and circumstantial evidence cannot supply such proof. Holmes v. State, 136 Tex. Cr. R. 26, 120 S. W. 2d 595, and authorities there cited.

In view of the fact that a reversal of the conviction is required by reason of the above rule, we pretermit a discussion of the question as to the sufficiency of the evidence to show appellant's guilty connection with the alleged theft, further than to say that we express doubt relative thereto. We suggest that if another trial be had the state's case be strengthened in that particular.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the court.