THEODORE MITCHELL V. STATE

No. 29,828. May 21, 1958.

*Spence & Martin,* Wichita Falls, for appellant.

*Frank Gibson,* Assistant County Attorney, Wichita Falls, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is misdemeanor theft; the punishment, 30 days in jail and a fine of $50.00.

The sole contention advanced is that the state failed to prove

lack of consent to the taking. The owner testified that the money was missing from his cash register after the appellant left his place of business, but nowhere in his testimony do we find any statement by the witness that he did not consent to the taking.

This is not a question of first impression. In Caddell v. State, 49 Texas Cr. Rep. 133, 90 S.W. 1013 (1905), this court said:

"In Wisdom's Case it was said: 'Where the alleged owner is a witness, and fails to give direct and positive testimony to his want of consent to the taking of property, such want of consent will not be inferred from other circumstances in evidence. Good v. State, 30 Texas App. 276, 17 S.W. 409. While it is true that want of consent may be proved by circumstantial evidence—as said in Wilson's Case, 45 Texas 76, 23 Am. Rep. 602; Kemp's Case, 38 Texas 110; McMahon's Case, 1 Texas App. 102; Welsh's Case, 3 Texas App. 422; Trafton's Case, 5 Texas App. 480; Clayton's Case, 15 Texas App. 348; Schultz's Case, 20 Texas App. 308; Mackey's Case, 20 Texas App. 603—yet this character of evidence cannot be resorted to where direct evidence of the fact is obtainable. Jackson v. State, 7 Texas App. 363; Stewart v. State, 9 Texas App. 321; Wilson v. State, 12 Texas App. 481; Bowling v. State, 13 Texas App. 338; Williamson v. State, 13 Texas App. 514; Anderson v. State, 14 Texas App. 49; Love v. State, 15 Texas App. 563; Clayton v. State, Id. 348; Miller v. State, 18 Texas App. 34; Pratt v. State, 19 Texas App. 276; Scott v. State, Id. 325; Schultz v. State, 20 Texas App. 308. It is a familiar rule that the best evidence attainable must be adduced.'"

In Hunt v. State, 89 Texas Cr. Rep. 404, 231 S.W. 775 (1921), this court, speaking through Judge Hawkins, said:

"Where the owner of the alleged stolen property is present and testifies before the jury, and fails to give direct and positive testimony as to his want of consent to the taking of the property, such want of consent will not be inferred from other circumstances in evidence. This question will be found fully discussed in Caddell v. State, 49 Texas Cr. Rep. 133, 90 S.W. 1014, 122 Am. St. Rep. 806, in which a great many cases are reviewed and cited."

We find the same statement of the rule in Garrett v. State, 133 Texas Cr. Rep. 125, 109 S.W. 2d 487 (1937).

The next year in Holmes v. State, 136 Texas Cr. Rep. 26, 120 S.W. 2d 595, this court, speaking through Judge Graves, said:

"It has long been held by us that where the owner of alleged stolen property is present and testified before the jury, and fails to give direct and positive testimony as to want of consent to the taking of the property, such want of consent will not be inferred from other circumstances in evidence."

See also White v. State, 156 Texas Cr. Rep. 408, 252 S.W. 2d 889 (1951).

The judgment is reversed and the cause remanded.