**Willie GRIGGS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 55499 to 55501, 55677, 55712 and 55713.**

Court of Criminal Appeals of Texas.

Nov. 30, 1977.

OPINION

ROBERTS, Judge.

These are appeals from five convictions for delivery of controlled substances[1] and one conviction for theft under our former Penal Code.[2] The appellant simultaneously entered a plea of nolo contendere in each of the six cases, and after a trial before the court the trial judge assessed punishment in each case at five years' confinement in the Texas Department of Corrections.

The appellant contends, in each case, that there is no evidence to support the convictions and that there is insufficient evidence to support the convictions. We reverse the conviction for theft and affirm the five convictions for delivery of a controlled substance.

The appellant, in each case, waived a trial by jury and entered a plea of nolo contendere pursuant to Article 1.13, Vernon's Ann. C.C.P. Article 1.15, Vernon's Ann.C.C.P.

In Cause No. C–72–813–J (our Cause No. 55,499), the appellant was charged with theft under Article 1410 of our former Penal Code. At trial, the State introduced a written stipulation, signed by the appellant and his attorney, to the following effect:

"I judicially confess that if Frank Tharp [the complainant] testified, he would testify that on the 19 day of November, 1971, in Dallas County, Texas, I did unlawfully and fraudulently take $105.19 current money of the U.S.A. and over the value of $50.00 the same being the corporeal personal property of M. Frank Tharp."

The appellant testified that the stipulation was " . . . substantially true and correct."

In Cause No. F–75–459–J (our Cause No. 55,500), the appellant was charged with delivery of a controlled substance to G. O. Smith. At trial, the State introduced a written stipulation, signed by the appellant and his attorney, to the following effect:

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., and Jerome L. Croston, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

1.  Article 4476–15, Vernon's Ann.Civ.St.

2.  Vernon's Ann.P.C., Article 1410.

"I judicially confess that if G. O. Smith testified, he would testify that on the 5 day of November, 1974, in Dallas County, Texas, I did knowingly and intentionally deliver a controlled substance, to wit: heroin to G. O. Smith as charged in the indictment."

The appellant testified that the stipulation was " . . . substantially true and correct."

In Cause No. F–75–460–J (our Cause No. 55,501), the appellant was charged with delivery of a controlled substance to G. O. Smith. At trial, the State introduced a written stipulation, signed by the appellant and his attorney, to the following effect:

"I judicially confess that if G. O. Smith testified, he would testify that on the 5 day of November, 1974, in Dallas County, Texas, I did knowingly and intentionally deliver a controlled substance, to wit: heroin to G. O. Smith as charged in the indictment."

The appellant testified that the stipulation was " . . . substantially true and correct."

In Cause No. F–75–2663–J (our Cause No. 55,677), the appellant was charged with delivery of a controlled substance to Sam Allen. At trial, the State introduced a written stipulation, signed by the appellant and his attorney, to the following effect:

"I judicially confess that if Sam Allen testified, he would testify that on the 6 day of November, 1974, in Dallas County, Texas, I did knowingly and intentionally deliver a controlled substance, to wit: marihuana to Sam Allen as charged in the indictment."

The appellant testified that the stipulation was " . . . substantially true and correct."

In Cause No. F–75–2664–J (our Cause No. 55,712), the appellant was charged with delivery of a controlled substance to Sam Allen. At trial, the State introduced a written stipulation, signed by the appellant and his attorney, to the following effect:

"I judicially confess that if Sam Allen testified, he would testify that on the 6

day of November, 1974, in Dallas County, Texas, I did knowingly and intentionally deliver a controlled substance, to wit: heroin to Sam Allen as charged in the indictment."

The appellant testified that the stipulation was " . . . substantially true and correct."

Finally, in Cause No. F–75–2665–J (our Cause No. 55,713), the appellant was charged with delivery of a controlled substance to Sam Allen. At trial, the State introduced a written stipulation, signed by the appellant and his attorney, to the following effect:

"I judicially confess that if Sam Allen testified, he would testify that on the 8 day of November, 1974, in Dallas County, Texas, I did knowingly and intentionally deliver a controlled substance, to wit: heroin to Sam Allen as charged in the indictment."

The appellant testified that the stipulation " . . . was substantially true and correct."

In Cause No. C–72–813–J (our Cause No. 55,499), the appellant contends that there is no evidence in the record to support the conviction in that the stipulation introduced at trial as State's Exhibit No. 1 is not contained in the record and it was not read into the record at the trial. The record contains an instrument designated as "Waiver of Jury—Agreement to Stipulate . . .," which repeats verbatim the written and signed stipulation referred to above in connection with Cause No. C–72–813–J (our Cause No. 55,499). The fact that it does not contain a notation designating it as State's Exhibit No. 1 is of no consequence since it is contained in the record. The appellant's contention is without merit and overruled.

However, the appellant also contends that the written stipulation is insufficient to sustain the conviction because the stipulation fails to show that the money was taken from the possession of Frank Tharp

or without the consent of Frank Tharp, as alleged in the indictment.[3]

 An allegation and proof of possession is essential to a conviction under Article 1410. *Clements v. State,* 375 S.W.2d 304 (Tex.Cr.App.1964); *Webb v. State,* 169 Tex. Cr.R. 594, 336 S.W.2d 158 (1960). The allegation of ownership in the stipulation does not prove that the money was taken from the possession of Frank Tharp. *O'Mary v. State,* 152 Tex.Cr.R. 319, 213 S.W.2d 683 (1948); *Winn v. State,* 138 Tex.Cr.R. 202, 135 S.W.2d 118 (1940). The stipulation fails to prove that Frank Tharp possessed the money.

 Moreover, an allegation and proof of an owner's lack of consent are required before a conviction for theft will be sustained. *Martinez v. State,* 494 S.W.2d 182 (Tex.Cr.App.1973); *Mitchell v. State,* 166 Tex.Cr.R. 291, 313 S.W.2d 286 (1958). The stipulation fails to prove that the theft was without the consent of Frank Tharp.

The judgment in Cause No. C–72–813–J (our Cause No. 55,499) must be reversed.

In Cause Nos. F–75–459–J, F–75–460–J, F–75–2663–J, F–75–2664–J, and F–75–2665–J (our Cause Nos. 55,500, 55,501, 55,-677, 55,712, and 55,713), the appellant makes identical contentions.

In each of these five cases, the appellant initially contends that there is no evidence to support the convictions because the stipulations introduced at trial as State's Exhibit No. 1 in each case are not contained in each respective record, and none of the stipulations were read into the records at trial. Each of the five records contains an instrument designated as "Waiver of Jury—Agreement to Stipulate . . .," which repeats verbatim the written and signed stipulations referred to above in connection with each of the cases. The fact that none of them contain a notation desig-

nating them as State's Exhibit No. 1 is of no consequence since they are contained in the record of each respective case. The appellant's initial contention in each of the five cases is without merit and overruled.

The appellant's second contention in each of these five cases is that there is insufficient evidence to support the five convictions because each respective stipulation negates the appellant's guilt.

 The written stipulations of the testimony of the complainant in each case provide proof of every element of the offense of delivery of a controlled substance. They provide all the proof necessary to establish the appellant's guilt. *Cf. Stergis v. State,* 451 S.W.2d 914 (Tex.Cr.App.1970). Appellant's second contention in each of these five cases is overruled.

The judgment in Cause No. C–72–813–J (our Cause No. 55,499) is reversed, and the judgments in Cause Nos. F–75–459–J, F–75–460–J, F–75–2663–J, F–75–2664–J, and F–75–2665–J (our Cause Nos. 55,500, 55,501, 55,677, 55,712 and 55,713) are affirmed.

---

3. The indictment alleged that the appellant:
   "did unlawfully and fraudulently take one hundred five dollars and nineteen cents current money of the United States of America and of the value of over $50.00, the same being the corporeal personal property of M. Frank Tharp from the possession of the said M. Frank Tharp without the consent of the said M. Frank Tharp and with the intent to deprive the said M. Frank Tharp of the value thereof, and with the intent to appropriate it to the use and benefit of him, the said Willie Griggs . . . ."