TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00707-CR







Samantha Elaine Hazelrig Leinweber, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 93-033, HONORABLE JOE DIBRELL, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of theft of property having a value of $20,000 or
more but less than $100,000 (count one) and theft of property having a value of $750 or more but
less than $20,000 (count two). Act of May 23, 1991, 72d Leg., R.S., ch. 565, § 1, 1991 Tex.
Gen. Laws 2003 (Tex. Penal Code Ann. § 31.03(e)(4)(A), (5)(B), since amended). (1) For count
one, the district court assessed punishment at imprisonment for ten years. For count two, the
court assessed punishment at imprisonment for five years, probated. 

 Appellant was office manager and comptroller for a motor vehicle dealership,
Lockhart Motor Company. On June 30, 1992, appellant wrote a check payable to the dealership
for $26,468.75, the full purchase price of a 1992 Lincoln automobile. Appellant executed all
papers incident to the purchase and took title to the Lincoln in her name. Ten days later, appellant
wrote a check to Lockhart Motor Company for $18,626.06, the full purchase price of a 1992 Ford
pickup truck. Appellant's husband, John Frederick Leinweber, executed all papers incident to
this purchase and took title to the truck in his name. Appellant's checks were never deposited to
the account of Lockhart Motor Company and were never debited to the Leinweber's joint bank
account. At the time in question, it was appellant's responsibility to make the dealership's bank
deposits.

 On August 15, 1992, John Leinweber traded the 1992 pickup truck to Apple Dodge
in Austin for a 1977 pickup truck and $8000. On October 10, appellant traded the 1992 Lincoln
to Apple Dodge for a 1986 van and $10,100. Appellant did not return to work at Lockhart Motor
Company after this transaction. Appellant does not question the sufficiency of the evidence to
sustain her conviction for both counts of theft. (2)

 We first address appellant's contention that count one of the indictment should have
been quashed. In pertinent part, count one alleged that appellant "intentionally and knowingly
appropriate[d]" the Lincoln automobile "from W.P. Clark, Jr., an employee and agent for
Lockhart Motor Company, a corporation, the owner thereof, without the effective consent of said
owner." Appellant argues that this pleading was defective because both Clark and the dealership
were alleged to own the stolen car, but only the dealership was alleged to have failed to consent
to the appropriation. See Winn v. State, 135 S.W.2d 118, 119 (Tex. Crim. App. 1940) (if
ownership of property is alleged in one person and possession alleged in another, want of consent
of both must be shown). (3)

 If Winn and similar opinions interpreting the former penal code are still good law,
they do not apply in this cause. The indictment alleged ownership of the stolen vehicle in a
corporation, Lockhart Motor Company. This is proper under the current penal code. Tex. Penal
Code Ann. § 1.07(a)(35)(A), (38) (West 1994). Clark was not alleged to be an owner, by
possession or otherwise. Instead, he was alleged to be the agent for the corporate owner and thus
legally authorized to act for the owner. See Tex. Penal Code Ann. § 31.01(3) (West 1994)
("effective consent" includes consent by person legally authorized to act for owner). Read in a
common-sense manner, the indictment alleges that the owner of the automobile, Lockhart Motor
Company, acting through its agent, Clark, did not effectively consent to appellant's appropriation
of the vehicle. Appellant's motion to quash was properly overruled. Point of error two is
overruled.

 Appellant's third point of error complains of the admission in evidence of State's
exhibits ten, twelve, and fourteen. Exhibit ten consisted the Leinweber's bank statements from
June through October 1992. Exhibit twelve contained two checks drawn on this account, one by
John Leinweber for $6200 payable to cash and one by appellant for $500 payable to a San Antonio
motorcycle dealer. Exhibit fourteen was a $2500 check payable to cash signed by John
Leinweber. Appellant contends the State failed to give reasonable notice in advance of trial of its
intention to introduce these exhibits, which she urges show extraneous offenses. Tex. R. Crim.
Evid. 404(b).

 When the exhibits were offered in evidence, appellant objected 


on the basis of Rule 404B involving extraneous offenses. And we would further
object on the basis of 403 that if there is any relevance at all, that it be outweighed
by prejudicial value. And with regard to 404B, if the Court should overrule my
objections, we would ask the Court to state for what purpose they would be
admitted as far as this case is concerned.



While the objection referred to the rule on which appellant now relies, it did not specifically call
to the attention of the court the contention that appellant was not given proper notice. Moreover,
the context of the objection indicates that it was directed to the relevance of the exhibits, not to
the issue of notice. Because it was not preserved by a proper trial objection, point of error three
is overruled. Tex. R. App. P. 52(a); Tex. R. Crim. Evid. 103(a)(1).

 Appellant brings forward two points of error contending the district court erred by
refusing her requests for special defensive instructions. First, appellant urges that she was entitled
to a charge on the defense of "temporary taking." Appellant testified that she was physically and
emotionally abused by her husband, and that she participated in the theft of the vehicles in the
hope that her husband would be arrested and prosecuted so that she could escape him. She also
testified that she did not intend to permanently appropriate the vehicles and had assumed that they
would be returned to the dealership when she and her husband were arrested. Based on this
testimony, appellant asked for this jury instruction:


 Testimony has been offered by defendant to the effect that there was a mere
temporary taking and use of the vehicle in question and that there was not any
intent to deprive the owner of the said vehicle, and if you so believe, or if you
have a reasonable doubt as to such matter, then you will find the defendant not
guilty.



Appellant again relies on authority predating the present penal code. Benitez v. State, 377 S.W.2d
651, 653-54 (Tex. Crim. App. 1964).

 Appellant's argument under this point of error is based on the erroneous assumption
that the State was required to prove that she intended to permanently deprive the dealership of the
stolen vehicles. While this would have been true under the former code, it is not true under the
present code. See Griffin v. State, 614 S.W.2d 155, 158 (Tex. Crim. App. 1981) (current theft
statutes do not require proof of intent to permanently deprive owner of stolen property). It was
sufficient for the State to prove that appellant intended to withhold the vehicles for so extended
a period of time that a major portion of their value or enjoyment was lost or that she intended to
dispose of the vehicles in a manner that made their recovery unlikely. Tex. Penal Code Ann. §
31.01(2)(A), (C) (West 1994). (4) Therefore, appellant's requested instruction on "temporary
taking" was legally incorrect and properly refused. Her alternative argument that the requested
charge was sufficient to require the court to instruct the jury on mistake of fact fails for the same
reason. See Tex. Penal Code Ann. § 8.02(a) (West 1994). Point of error one is overruled.

 Appellant also contends the district court should have given this requested
instruction on battered woman's syndrome:


 Testimony has been offered as to what is referred to as "Battered Woman's
Syndrome." This refers to the plight of women who suffer abuse and violence at
the hands of their mates.


 "Abuse," as used in this context, means verbal or physical attack of a
person.


 "Mate," as used in this context, describes the woman's batterer and may be
a husband, boyfriend or lover.


 You are instructed that if you find from the evidence that the Defendant,
Samantha Leinweber, when she took the property in question, if she did, was
suffering from "Battered Woman's Syndrome," and had no intent to deprive the
said owner of said property, then she would not be guilty of the offense charged,
and if you have a reasonable doubt as to whether she had such intent, you will find
her not guilty.



Appellant testified at length to the abuse she suffered at the hands of her husband. An expert
testified to her opinion that appellant was suffering from battered woman's syndrome and that
appellant stole the vehicles with the sole intent of having her husband arrested and jailed. 
Although the court refused the requested instruction, it did charge the jury on the affirmative
defense of duress. Tex. Penal Code Ann. § 8.05 (West 1994).

 It was appellant's defensive theory that she did not appropriate the vehicles for the
purpose of depriving the owner of the property, at least not permanently, but for the purpose of
having her husband imprisoned for theft. At most, this theory, as reflected by the requested
instruction, merely negated the existence of an intent to deprive. No affirmative instruction is
required for a defensive theory that merely negates the existence of an essential element of the
offense. Sanders v. State, 707 S.W.2d 78, 81 (Tex. Crim. App. 1986); Villarreal v. State, 821
S.W.2d 682, 685 (Tex. App.--San Antonio 1991, no pet.). The requested instruction was properly
refused. Point of error five is overruled.

 Finally, appellant contends the district court erred by overruling her motion to be
sentenced under the "new" penal code. At the time they were committed, the theft alleged in
count one was a second degree felony and the theft alleged in count two was a third degree felony. 
These offenses were reduced to third degree and state jail felonies, respectively, by amendments
to section 31.03 effective September 1, 1994. See Tex. Penal Code Ann. § 31.03(e)(4)(A), (5)
(West 1994). Appellant relies on the general savings clause found in the Code Construction Act,
which provides that if the punishment for an offense is reduced by statutory amendment, the
punishment, if not already imposed, must be imposed according to the amended statute. Tex.
Gov't Code Ann. § 311.031(b) (West 1988).

 When an amendatory act contains a specific savings provision, that provision
controls over the Code Construction Act. Ex parte Mangrum, 564 S.W.2d 751, 755 (Tex. Crim.
App. 1978). The act amending the Penal Code effective September 1, 1994, contains a specific
savings clause which reads:


 (a) The change in law made by this article applies only to an offense
committed on or after the effective date of this article. For purposes of this
section, an offense is committed before the effective date of this article if any
element of the offense occurs before the effective date.


 (b) An offense committed before the effective date of this article is
governed by the law in effect when the offense was committed, and the former law
is continued in effect for that purpose.



Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex. Gen. Laws 3586, 3705. Appellant
argues that "offense" means the criminal act but not its punishment. Thus, appellant interprets
section 1.18 as applying only to changes to the elements of an offense made by the act. Under
appellant's reading of section 1.18, changes in punishment are not addressed and are therefore
governed by the general savings provision found in the Code Construction Act.

 Appellant's narrow interpretation of "offense" conflicts with the plain language
of section 1.18(a), which provides that the "change in law" made by the act applies only to
offenses committed on or after the effective date. A change in the punishment applicable to an
offense is obviously a "change in law." The legislature clearly intended the code amendments
effective September 1, 1994, including amendments affecting the punishments applicable to
offenses, to apply only to offenses committed on or after the effective date. Prosecutions for
offenses committed before the effective date, including the punishments for those offenses, are
to be governed by prior law. The district court did not err by overruling appellant's motion to
be sentenced under section 31.03, as amended effective September 1, 1994. Point of error four
is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: September 13, 1995

Do Not Publish
1. These offenses took place before September 1, 1994, and are governed by the law in effect
at the time they were committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex. Gen.
Laws 3586, 3705. Elsewhere in this opinion, the current edition of the code is cited for the sake
of convenience when the statutes cited are substantively identical to those in effect at the time of
the offenses.
2. John Leinweber was also convicted for two counts of theft based on the same transactions. 
We recently affirmed this conviction. Leinweber v. State, No. 03-93-565-CR (Tex. App.--Austin
Aug. 30, 1995, no pet. hist.) (not designated for publication).
3. Insofar as the pleading of ownership is concerned, count two of the indictment was
substantially identical to count one. Appellant did not move to quash count two, however, and
does not complain of its wording on appeal.
4. The court's charge included all the definitions of "deprive" found in section 31.01.



he requested instruction was properly
refused. Point of error five is overruled.

 Finally, appellant contends the district court erred by overruling her motion to be
sentenced under the "new" penal code. At the time they were committed, the theft alleged in
count one was a second degree felony and the theft alleged in count two was a third degree felony. 
These offenses were reduced to third degree and state jail felonies, respectively, by amendments
to section 31.03 effective September 1, 1994. See Tex. Penal Code Ann. § 31.03(e)(4)(A), (5)
(West 1994). Appellant relies on the general savings clause found in the Code Construction Act,
which provides that if the punishment for an offense is reduced by statutory amendment, the
punishment, if not already imposed, must be imposed according to the amended statute. Tex.
Gov't Code Ann. § 311.031(b) (West 1988).

 When an amendatory act contains a specific savings provision, that provision
controls over the Code Construction Act. Ex parte Mangrum, 564 S.W.2d 751, 755 (Tex. Crim.
App. 1978). The act amending the Penal Code effective September 1, 1994, contains a specific
savings clause which reads:


 (a) The change in law made by this article applies only to an offense
committed on or after the effective date of this article. For purposes of this
section, an offense is committed before the effective date of this article if any
element of the offense occurs before the effective date.


 (b) An offense committed before the effective date of this article is
governed by the law in effect when the offense was committed, and the former law
is continued in effect for that purpose.



Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex. Gen. Laws 3586, 3705. Appellant
argues that "offense" means the criminal act but not its punishment. Thus, appellant interprets
section 1.18 as applying only to changes to the elements of an of