## HENRY MORAY v. THE STATE.

No. 1032. Decided March 15, 1911.

**1.—Burglary—Motion for New Trial—Practice on Appeal.**

The trial court has control of his judgment until the end of the term, and has a right to consider a motion for new trial filed at any time during the term; but when he declines to permit a motion to be filed after the time provided by law the action of the court will not be reversed unless an abuse of discretion has been shown.

**2.—Same—Notice of Appeal—Motion for New Trial.**

Where defendant's motion for new trial was stricken from the record because it was filed too late, but the record on appeal showed that the defendant gave notice of appeal, the Appellate Court will nevertheless look to the record to see if the facts sustain the judgment.

**3.—Same—Want of Consent.**

   Where, upon trial of burglary, there was a failure of proof of want of consent of the owner as alleged in the indictment, there was reversible error.

Appeal from the District Court of Hill.   Tried below before the Hon. W. C. Wear.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Will Glover,* for appellant.—Upon question of filing motion for new trial after two days:   White v. State, 10 Texas Crim. App., 167; Denton v. State, 42 Texas Crim. Rep., 427, 60 S. W. Rep., 670; Covington v. State, 51 Texas Crim. Rep., 48, 100 S. W. Rep., 368; Young v. State, 54 Texas Crim. Rep., 379, 113 S. W. Rep., 16.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The record in this case is in an unusual condition.   The defendant was tried for burglary.   He was not represented by an attorney, it appearing that he did not have means to employ one.   He was convicted and his punishment assessed at five years confinement in the penitentiary.   On the same day sentence was passed, at defendant's request, as shown by the court.   Seven days after trial and sentence defendant's friends employed an attorney to represent the defendant, and he at once filed a motion for a new trial.   Later on an amended motion was filed, setting up many grounds why the judgment of conviction should be set aside.   The county attorney filed a motion to strike out both the motion and amended motion for a new trial, on the ground that it had not been filed within two days after the date of the trial, nor until after sentence had been passed.   The motion was by the court sustained, and the motion for a new trial stricken from the record.   This is a matter lodged in the sound discretion of the court.   A court has control of its judgments until the end of the term of the court, and the court has a right to consider a motion filed at any time during term time if he sees proper to do so, but when a court declines to permit a motion to be filed after the time provided by law we would not revise his judgment, except in cases where it was shown that such action was the act of prejudice or from some improper motive, and grave injustice done.   In this case we can not consider the motions for a new trial, as it is not shown that the action of the judge in striking them from the record was not proper exercise of the discretion confided in him.

However, in the sentence passed on defendant on the day of trial, we find that the record states the defendant himself gave notice of appeal.   We are authorized and compelled to look to the record in this case and see if the facts sustain the judgment.   The indictment al-

leges that defendant did unlawfully, by force, threats and fraud, and at night, burglariously and fraudulently break and enter a house then and there occupied by W. C. Caldwell, the said house being then and there the private residence of the said W. C. Caldwell, then and there with the intent of him, the said Henry Moray, fraudulently to take, steal and carry away from and out of said house, the corporeal personal property then and there in said house belonging to said W. C. Caldwell, from the possession of the said W. C. Caldwell and without his consent, etc.

Under the indictment, it having been alleged that defendant entered the house, with the intent to take goods belonging to said Caldwell, it was necessary to prove this allegation. The statement of facts discloses that W. C. Caldwell was not placed on the stand as a witness, and there is a total absence of proof that the goods taken were taken without his consent. Doubtless this was a mere oversight on the part of the State, but we are not permitted to presume anything as against a defendant. The judgment is reversed and the cause is remanded.

*Reversed and remanded.*