Roy Stallworth v. State.

No. 30,099. November 12, 1958.

*Baldwin & Goodwin* (on appeal only), Beaumont, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary; the punishment, 10 years.

We are met at the outset with appellant's contention that the state failed to prove the lack of consent of the owner to the entering and the taking of the goods from the alleged burglarized premises.

The witness Palmer testified that he was the manager for the American National Insurance Company at Orange and that the building in question was under his care, custody and control, and yet was not asked and did not testify that the entry and subsequent taking was without his consent. We have searched this record in vain and fail to find such requisite evidence from any other source.

Recently, in Mitchell v. State, 166 Texas Cr. Rep. 291, 313 S.W. 2d 286, we had occasion to review this identical question and cited 27 cases from this court, covering the period from 1905 to 1951, which consistently hold that where the owner of the premises burglarized or the property taken testifies in the case, then lack of consent may not be proven by circumstantial evidence.

In addition to the cases there cited, appellant calls our attention to holdings in Mitchell v. State, 117 Texas Cr. Rep. 78, 38 S.W. 2d 331, and Dillard v. State, 126 Texas Cr. Rep. 292, 71 S.W. 2d 529, which also support the general rule announced in Mitchell v. State, 166 Texas Cr. Rep. 291, 313 S.W. 2d 286.

As opposed to this great weight of authority, the state relies upon Gonzalez v. State, 162 Texas Cr. Rep. 600, 288, S.W. 2d 503, which we have concluded does not support them. In that case, the owner of the premises testified that he did not give the appellant permission to enter the building, which we con-

cluded carried with it a lack of consent to take anything therefrom.

For the failure of the state to make this essential proof, the judgment is reversed and the cause remanded.