**John BLODGETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38875.**

Court of Criminal Appeals of Texas.

Jan. 5, 1966.

Jones & Rittenberry by Charles L. Rittenberry, Amarillo, for appellant.

Dee D. Miller, Dist. Atty., John B. Reese, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for burglary; the punishment, five years.

The indictment charged that the appellant did unlawfully, by force, break and enter a house occupied and controlled by Reid A. Bond with the intent to commit theft.

In response to a call from the operator of a burglar alarm service, officers went to the Bond Pharmacy on West 10th Street in Amarillo shortly after 5:09 a. m. When they arrived, the door to a doctor's office at the rear of the building was ajar and a pane of glass was broken out of the door. The officers then went inside and found appellant in the building. Upon searching the building it was discovered that a door lead-

ing into the pharmacy had been forced open. A cash register in the pharmacy was open and the money missing. Some twenty-two bottles of pills had been removed from where they were kept in the pharmacy and, with the exception of a bottle of vitamins, were dispensing bottles the contents of which could be sold only by prescription. Some of the bottles contained "enathetamins" and barbiturates commonly known as "'Redbirds'" and "'Happy pills.'" The bottles and some money were found on the floor in the doctor's office.

Reid A. Bond, the owner of the pharmacy, testified that when he closed the business the evening before, the back door to the doctor's clinic was closed, and that he did not give the appellant, or anyone else, permission to forcibly enter the premises.

Appellant did not testify but called one of the officers, who testified that when apprehended in the building appellant stated that he had entered through an open door.

Appellant's sole contention on appeal is that the evidence is insufficient to support the conviction because the state failed to prove a lack of consent by the owner of the pharmacy to the taking of the property. Reliance is had upon certain decisions of this court in which it has been held that in a prosecution for burglary with the intent to commit theft, it is incumbent upon the state to prove a want of consent by the owner to the taking of the property and when the owner is a witness in the case and does not testify to his want of consent, such may not be inferred from the circumstances in evidence. See: Caddell v. State, 49 Tex. Cr.R. 133, 90 S.W. 1013; Moray v. State, 61 Tex.Cr.R. 547, 135 S.W. 569; Dillard v. State, 126 Tex.Cr.R. 292, 71 S.W.2d 529.

The state insists that the pharmacy owner's testimony that he did not give appellant permission to enter the premises, together with the other circumstances, is sufficient to show his lack of consent to the taking of the property.

The relatively recent case of Gonzalez v. State, 162 Tex.Cr.R. 600, 288 S.W.2d 503, is relied upon by the state in support of its contention.

In the Gonzalez case this court, in affirming a conviction for burglary, overruled a contention that the state had failed to prove the want of consent of the owner to the taking of the property when he testified that he had not given the accused permission to enter the building and that someone had broken in the place and stolen some money.

Later, in Stallworth v. State, 167 Tex.Cr. R. 19, 316 S.W.2d 417, this court, in reversing a conviction for burglary because of the state's failure to prove lack of consent on the part of the owner to both the entry upon the premises and the subsequent taking of the property, made reference to the conclusion reached in Gonzalez v. State, supra, that the testimony of the owner of the premises that he did not give the accused permission to enter the building carried with it a lack of consent to take anything therefrom.

It should be noted that in Stallworth, property was actually removed from the premises, while in the case at bar nothing ever left the building, which logically explains the failure of the prosecutor to inquire of the pharmacy owner relative to his lack of consent to the taking of the property.

We remain convinced of the soundness of the holding in Gonzalez v. State, supra, and find that the testimony of the owner of the pharmacy in the instant case that he did not give appellant permission to enter the premises, together with the surrounding circumstances, was sufficient to show his want of consent to the taking of any property therefrom.

The judgment is affirmed.

Opinion approved by the Court.