**Wesley Junior WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41311.**

Court of Criminal Appeals of Texas.

June 5, 1968.

Rehearing Denied July 24, 1968.

———◆———

Dalford Todd, Dallas, for appellant.

Henry Wade, Dist. Atty., Malcolm Dade, and James M. Williamson, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The appeal is from a conviction for burglary of the private residence of Roy Session.

Trial was before a jury on a plea of not guilty. The court assessed the punishment at 60 years in the State Department of Corrections.

The state relied upon circumstantial evidence. Four of appellant's five grounds of error attack the sufficiency of the evidence to sustain the conviction.

The state relies upon the rule that where proof is made that a burglary was committed by someone and the defendant is shortly thereafter found in possession of all or a part of the property taken, and makes no reasonable explanation of such possession, the facts are sufficient to support his conviction for the burglary.

The evidence relied upon by the state to prove that the apartment occupied by Roy Session and his family was burglarized and that appellant was "flushed out" of the next door apartment and was wearing a

pair of pants and a shirt owned by Session when overtaken, consisted of the testimony of Roy Session.

Session testified that the apartment, which he left closed and locked when he went to a drive-in movie, was open when he returned shortly before midnight. However, he testified that his brother-in-law, Robert Penson, was in the apartment when he returned and had called the police.

Session testified that appellant ran from the apartment house after Penson "flushed" him out of the apartment that had been vacated, but further testified that he could not swear that appellant was in the vacated apartment, and that it was Mrs. Penson who saw him run out of the building and called out that he was getting away.

The record affirmatively reflects that the testimony of Robert Penson, his wife Mary, and Mrs. Session was available to the state and would have cast additional light on the facts.

The state not only failed to introduce the testimony of these witnesses, or satisfactorily account for the failure to do so, but elicited from the witness Session the following:

"Q. Is Ruby Session out there, that's your wife?

"A. Yes.

"Q. And is Robert Penson out there?

"A. Yes.

"Q. And they are available to be called if anybody wants to hear what they have to say?

"A. Yes.

"Q. They were right there and they saw the same thing you did?

"A. Right."

The rule which requires that we treat the case as one showing reasonable doubt of the sufficiency of the circumstantial evidence to support the conviction is found in 24 Tex.Jur.2d 427, Sec. 745. See also King v. State, Tex.Cr.App., 396 S.W.2d 409.

We further observe that the owner, Session, was not asked and did not testify that appellant did not have his consent to enter his apartment, though he did testify that he did not consent to the taking of any property therefrom.

As to this phase of the case we quote from 4 Branch's Ann.P.C.2d, Sec. 2536, pp. 865–866 (and pocket part).

"There is some quibbling in the cases as to whether the State is required to prove that the owner did not consent to both the theft, where one is committed, and also the entry, the whole reasoning in burglary cases, whether erroneous or otherwise, apparently being based on the general rule that in cases of theft, it is always necessary to prove the want of the owner's consent to the taking of his property. * * *. The general practice in burglary cases is for the State, wherever possible, to prove both such facts; that is, that the owner did not consent to either the entry or to the taking of any of his property. In any event, proof of both of such facts is the safer practice. Russell v. State, 86 Crim. [Tex.Cr.R.] 580, 218 S.W. 1051; Mitchell v. State, 117 Crim. [Tex.Cr.R.] 78, 38 S.W.2d 331 (such facts may be proved by circumstantial evidence where that is the only evidence available)."

"Where the owner of the premises burglarized or · of the property taken testifies in the case, lack of consent on the part of the owner should be proved through him rather than by circumstantial evidence."

See Stallworth v. State, 167 Tex.Cr.R. 19, 316 S.W.2d 417, and Blodgett v. State, Tex.Cr.App., 397 S.W.2d 443.

The evidence being insufficient to sustain the conviction, the judgment is reversed and the cause remanded.