Levon Charles BOWERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44361.

Court of Criminal Appeals of Texas.

Dec. 7, 1971.

Roy Wingate, Orange, for appellant.

Louis Dugas, Jr., County Atty., Orange, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, twelve (12) years.

Appellant's sole ground of error is that the evidence is insufficient to support the conviction.

Buffington, the owner of Buffington's Sporting Goods store in Mauriceville, Texas, testified that on July 7, 1970, at about 3:30 A.M., he was awakened by noises coming from inside his store (through his office intercom), that he awakened his father, and armed with a shot gun, they went to the store where he saw two people, one of whom was the appellant, seated in an automobile parked near his store; that he proceeded to point the gun at the two men and ordered a third man to come out from his store. The third man did come and surrendered, and the three suspects were held in abeyance until the officers from Orange County Sheriff's Department arrived to take the suspects into custody.

Buffington further testified that five guns were missing from the store and that one of the guns was in the possession of one of the suspects and that the four remaining guns were in the back seat of the automobile. He further testified that his store had been broken in and that no consent to enter or take property therefrom had been given.

Deputy Sheriff Reeves testified that he arrived at the store where he found Buffington holding three males at gunpoint; he searched the three men in custody and found a .38 caliber pistol on the person of appellant, four .22 caliber rifles and some tools in the back seat of the automobile parked near the store.

During the punishment stage, Deputy Sheriff Joyce identified appellant's fingerprints for the purpose of admitting appellant's four prior convictions into evidence to the jury; no objections were taken to the admission of these prior convictions, and the defendant did not offer any evidence in his own behalf.

The evidence is amply sufficient to establish that appellant participated in the burglary as a principal. Ross v. State, Tex.Cr.App., 463 S.W.2d 190; Blodgett v. State, Tex.Cr.App., 397 S.W.2d 443; Gonzales v. State, 162 Tex.Cr.R. 600, 288 S.W.2d 503; and Stallworth v. State, 167 Tex.Cr.R. 19, 316 S.W.2d 417.

The judgment is affirmed.