Elias B. CRUZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 44898.

Court of Criminal Appeals of Texas.

May 24, 1972.

Rehearing Denied July 26, 1972.

Garland G. Wier, San Antonio, for appellant.

Ted Butler, Dist. Atty. and Antonio G. Cantu, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a jury conviction of murder with malice. The court assessed the punishment at fifteen years.

The sufficiency of the evidence is challenged.

Rodolfo Donias and Onesimo Guerra, the deceased, were walking down San Fernando Street in San Antonio sometime after midnight on August 16, 1969. They walked in front of a small brown house with a 1959 Chevrolet parked near it. Three persons at the house called to Donias and the deceased. Two of the three (including the appellant) approached and started cursing. The appellant cursed Guerra and Donias cursed the appellant. Guerra appeared not to understand what was going on, and appellant's companion finally told appellant "to go back and forget it." The appellant and his companion did leave and Donias and Guerra began walking again. They talked briefly to two young boys they met. Then the car that was parked in front of the brown house came toward them "going fast." Guerra crossed the street, which placed him nearest the passenger side of the car. The car stopped and someone jumped out of the back seat and started fighting Donias. Donias then heard some shots and Guerra came back across the street saying he had been shot. Donias' assailant went back to the car and someone said, "Let's finish him off." Donias testified that only three people were in the car: the driver who never got out, the appellant who was in the front on the passenger side, and whoever got out of the back and fought him. While Donias was kneeling near the deceased awaiting the police, he saw three men running toward him. He hid until the police arrived.

Joe John Gonzales testified that he and Paul Guerra were walking down the street at the time in question and saw four people, two of whom were arguing. He identified Donias as being one of the two. Shortly after the argument broke up a car came up, the people inside called to Gonzales, but he refused to go because the person on the front passenger side had a gun. Gonzales later testified that the gun was a .22 caliber pistol. He was asked where the

other two boys went, then the car left, stopped and Gonzales heard some shots. He did not identify the appellant as being either present or involved.

Manuel Lopez, appellant's cousin, testified that he was the driver of a blue Chevrolet at the time in question. He said the appellant was sitting next to him on the passenger side and his brother, Jurado (or Gerando) Lopez, was in the back seat. He testified that neither he nor his brother had a gun, but the appellant did have one. He heard some shots.

Officer Paul Pete Hernandez of the San Antonio Police Department received a call about a shooting and arrived on the scene a few minutes afterwards. After talking with Guerra who was still alive, Hernandez put out a call for a 1959 white and blue Chevrolet with "three Latin American male occupants." He found no weapons on the deceased or at the scene.

Dr. Lopez, assistant pathologist, testified that the deceased died from a gunshot wound. He sent the bullet causing that wound to the San Antonio police. Lt. Joe Morales of the San Antonio Police Department identified the bullet received from Dr. Lopez as a .22 caliber bullet.

In his first ground of error, appellant contends the evidence was insufficient to connect him with the commission of the crime. The trial court properly charged the jury on circumstantial evidence regarding the appellant's commission of the offense.

The rule in this State is expressed in 4 Branch's Ann.P.C.2d, Section 2053, page 363:

"To sustain a conviction [on circumstantial evidence] it should not only appear that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission.

There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him."

■ The record shows that the appellant cursed the deceased shortly prior to the offense, was identified as the only one in the car possessing a gun (a .22 pistol), and was the only person in the car on the side where the deceased was located when shot. Besides the appellant and the driver of the car (on the opposite side from the deceased) the only other occupant was outside the car fighting with Donias when shots were heard. We find the evidence sufficient to exclude every other reasonable hypothesis except that of appellant's guilt and to allow the jury to conclude to a reasonable and moral certainty that the appellant did the shooting.

Appellant's second ground of error is closely related to the first. He contends this Court should treat the present case as one showing reasonable doubt as a matter of law. His contention is based on the following rule:

"Where circumstantial evidence relied on by the prosecution is obviously weak, and where the record on appeal affirmatively shows not only that other testimony which would have cast additional light on the facts was available to the prosecution, but also that the prosecution did not introduce such other evidence or satisfactorily account for its failure to do so, the appellate court will treat the case as one showing reasonable doubt of the sufficiency of the evidence to support the conviction." 24 Tex.Jur.2d, Evidence, Section 745, page 427 (1961). See also Anders v. State, Tex.Cr.App., 445 S.W.2d 167; Williams v. State, Tex.Cr.App., 429 S.W.2d 503; Ramirez v. State, 163 Tex.Cr.R. 109, 289 S.W.2d 251.

■ Appellant claims other witnesses were available to the State whose testimony would have shed additional light upon

the facts. The State said it could not vouch for the credibility of these witnesses and moved to have the trial court call them as its witnesses. While the motion was overruled, we believe the State satisfactorily accounted for, if needed, its failure to call these witnesses.

■■■ Appellant further claims that the State did not sufficiently question one of its witnesses, Manuel Lopez, appellant's cousin, apparently as to whether the appellant was the person who shot the deceased. Two prior written statements by Lopez said that appellant did shoot the pistol. These statements were introduced by the State at the hearing on appellant's motion for a new trial. The State only attempted to establish and did establish by Lopez's testimony that the appellant was in the front passenger side of the car, that appellant had a gun, that no one else had a gun, and that Lopez heard shots. While to establish the corpus delicti in a murder case the State must show the defendant's agency in the commission of the act, see generally 4 Branch's Ann.P.C.2d, Section 2066, page 376, it was not necessary for the State to try to establish this by direct rather than circumstantial evidence under the facts and circumstances of this case. The rule that the appellate court will treat the case as one showing reasonable doubt where the State has failed to introduce available evidence which would have cast additional light on the facts applies only where the State's circumstantial evidence case is "obviously weak." Nilsson v. State, Tex.Cr.App., 477 S.W.2d 592, 597, n. 1. The circumstantial evidence in the present case is not obviously weak.

No error is shown. The judgment is affirmed.

MORRISON, Judge (concurring).

I have concluded that this was not a weak circumstantial evidence case and, therefore, agree with the majority opinion affirming the conviction. However, out of deference to the trial theory upon which appellant's studious counsel tried this case, I will attempt to distinguish this holding from the one reached by the majority on rehearing in Ramirez v. State, 163 Tex. Cr.R. 109, 289 S.W.2d 251, upon which he relies.

In Ramirez, the crucial contested issue was whether the defendant was intoxicated at the time of an automobile accident. A toxicologist testified that in his opinion an analysis of accused's blood showed that the accused was intoxicated. A physician, who examined appellant at the hospital, stated that in his opinion the accused was not intoxicated. This conflicting testimony, together with other conflicting evidence concerning the collision, made Ramirez an obviously weak case. It was upon the background of these facts that this Court on rehearing reversed the conviction because the State failed to question two highway patrolmen who were also in close proximity to the defendant shortly after the accident about the appellant's state of intoxication, their testimony being other available testimony which would have cast additional light on the facts.

However, in the case at bar, unlike Ramirez, supra, the appellant was the only one placed at the scene of the crime with a gun and is shown to be the only one in a position to shoot the deceased. There is no seriously inconsistent testimony on these crucial points.

If this was a weak case, additional testimony by Manuel Lopez may have been valuable but since there was sufficient evidence to connect the appellant with the crime, his testimony, as given, was sufficient.

Likewise, the testimony of the other witnesses who were subpoenaed and not called was unnecessary since there was sufficient other inculpatory evidence. Additionally, Ramirez becomes operable only when there is a weak case and there is a showing in the record that there is "other testimony [available] which would have cast addi-

tional light on the facts." In Ramirez it was evident that the testimony of the highway patrolmen was relevant. In the case at bar, there is no showing what vital information these witnesses could have contributed. We note that at the motion for new trial it was shown that Jurado (or Gerando) Lopez, who was in the back seat of the car at the time of the shooting, was knocked unconscious prior to the homicide and, therefore, could not have testified to the circumstances surrounding the actual shooting.

For the reasons stated, the rule on which appellant relies is inapplicable to the case before us and I concur in the affirmance.