**Willie Lee ANDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45151.**

Court of Criminal Appeals of Texas.

June 28, 1972.

Wardlaw, Cochran, Neal & Quillin by Ronald W. Quillin, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Roger Crampton, T. J. Haire, Jr., and Ann Delugach, Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for burglary, with the punishment assessed by the court under Art. 62, Vernon's Ann.P. C., at 12 years' confinement.

Appellant, in three grounds of error, contends that the evidence was insufficient; that the State failed to prove lack of consent of the owner to the taking of the goods by the appellant from the premises and that the State failed to show any corporeal personal property belonging to the owner was taken from the premises.

All three grounds shall be discussed together.

■ The evidence most favorable to the verdict of the jury shows that on August 24, 1969, between the hours of 2:30 p. m. and 7:30 p. m., the Robinson Roofing Company in Fort Worth was burglarized and a number of office machines was taken. Entry was gained through the breaking of a window.

Brooks Woodfin, general manager of the company, stated that he secured the building at 2:30 p. m. on the date in question. He further testified that the building contained office machines belonging to the business and most of them were taken in the burglary. He also testified that a Remington calculator taken in the burglary was recovered and that he was able to identify it by the serial number. He further testified that he had given no one other than employees permission to enter the building and had given no one permission to take the business machines from the building. He further stated that he didn't think he had ever seen the defendant before the occasion in court.

Marshall T. Robinson testified he was owner of the business on the date of the burglary and further testified as follows:

"Q Directing your attention to August 24th, 1969, on Sunday, did you have occasion to go to your place of business?

"A Yes, I was called down by one of my employees, Mr. Don Stregall, sales manager of the firm.

"Q And what did you find when you got down there?

"A We found that the business had been broken into access through a rear window. That almost all of our office machines had been stolen.

"Q Did you give anyone consent to enter that building and steal anything?

"A No, positively not.

"Q Did you give this defendant Willie Lee Anderson consent to break into your place of business?

"A No, I gave no one.

"Q What is you—Where is your business located? Is it in Fort Worth, Tarrany Count?

"A Yes, sir, at that address, 1301, 03 and 05 Foch Street.

"Q Did you give anyone permission to remove any of your property from your building?

"A No."

The State presented further testimony that a calculator had been pawned on Monday, August 25th, 1969, by a man later identified in court as being the appellant herein, this being the same machine identified by Woodfin.

The appellant presented alibi witnesses in his behalf, whose testimony the jury rejected.

When the owner of the burglarized premises testifies that he did not give the appellant permission to enter the premises and that he gave no one any permission to steal any property, this satisfactorily proves the owner's lack of consent to the breaking and taking. Blodgett v. State, 397 S.W.2d 443 (Tex.Cr.App.1966); Gonzalez v. State, 162 Tex.Cr.R. 600, 288 S.W.2d 503 (1956).

Appellant's reliance on Stallworth v. State, 167 Tex.Cr.R. 19, 316 S.W.2d 417 (1958) and other cases cited in his brief all involve situations where there is no direct proof of want of consent by the owner to either the breaking or the taking.

This is not the situation here, because of the above testimony by the owner.

The manager of the burglarized premises testified that property was stolen from the premises and he gave no one permission to take the same. The owner of the premises testified that it was the property of the

business and that he gave no one permission to take the same and further, that he was the owner of the burglarized premises.

In order to sustain a conviction for burglary, it is not necessary to show that any property was actually taken, it is only necessary to show that the entry was made with intent to steal. See Art. 1388, V.A. P.C.

There being no reversible error, the judgment is affirmed.