James WATKINS, Appellant,

v.

STATE of Texas, Appellee.

No. 04–81–00024–CR.

Court of Appeals of Texas, San Antonio.

Dec. 22, 1982.

Discretionary Review Refused March 30, 1983.

J. Randall Keltner, San Antonio, for appellant.

Bill M. White, Dist. Atty., Alan Battaglia, Asst. Dist. Atty., San Antonio, for appellee.

Before KLINGEMAN, CLARK and BASKIN, JJ.

OPINION

CLARK, Justice.

Appellant was convicted of burglary of a building with intent to commit theft and

sentenced to life imprisonment as an habitual felony offender. In his sole ground of error appellant asserts that there was no evidence of a want of consent by the owner to his entry into the premises. We disagree and affirm the judgment of conviction.

Several San Antonio Police Department officers responded at approximately 7:30 a.m. one morning to a burglary-in-progress report at a lounge owned by one Willie Celeste Williams. It was daylight, and the officers saw two men jump from the roof of the building. The appellant was apprehended as soon as he hit the ground, and the other suspect was arrested a few blocks away after a brief chase.

One of the officers saw appellant emerging from a hole in the roof of the building, and another saw appellant run from one side of the building to the other and look over the edge of the roof before jumping off.

When arrested appellant had in his possession a cloth bag containing $70.25 in quarters. In addition, a bank bag containing $78.85 in coins of various denominations was found in his left boot, and a large screwdriver without a handle was found in his right boot. He was wearing gloves.

All exterior doors and windows in the building were locked. The officers found that an air filter vent on the roof had been pried loose and removed, and that entry to the building had been gained through the exposed hole in the roof. Pry marks were found on the vent, and a tire tool, a knife and a screwdriver were found adjacent to it.

One officer entered the building through the vent hole. Inside the lounge, officers found that coin boxes on pool tables, cigarette machines, and a juke box had been pried open and emptied.

Appellant contends that the testimony of the lounge owner failed to show a lack of consent to his entry into the building, and that the owner's lack of consent cannot be shown circumstantially if the owner testifies, citing *Stallworth v. State,* 167 Tex. Cr.R. 19, 316 S.W.2d 417 (1958).

The record shows unmistakably that the owner of the premises was a reluctant witness. The money taken from the premises was returned to her and she signed a waiver of prosecution. In answer to questions by appellant's counsel as to whether she would have consented to appellant "being in the building" if he had asked, the owner replied "I guess I don't mind." She also testified that "It don't make any difference" if appellant entered her building through the roof without her permission. Whether or not she would have given appellant her consent to enter the building had he asked, however, the owner also testified expressly that she did not give any such consent.

■ *Stallworth* was expressly overruled in *Taylor v. State,* 508 S.W.2d 393, 397 (Tex.Cr.App.1974). The rule in Texas now is that proof of the owner's lack of consent to a burglarious entry of premises may be made circumstantially, just as any other issue in a criminal case, even if the owner testifies. *Taylor.* See also, *Prescott v. State,* 610 S.W.2d 760, 763 (Tex.Cr.App. 1981).

■ The trial judge, as the trier of fact in this case, was in a position to observe the witnesses and evaluate the reluctant owner's testimony on the issue of consent, and he resolved that issue against appellant. While we view the owner's testimony as sufficient on its face to establish that she did not consent to appellant's entry into her premises at the time and place alleged in the indictment, the totality of the evidence, including the overwhelming circumstantial evidence, compels the inference that appellant entered without her consent.

Appellant's ground of error is overruled, and the judgment of conviction is affirmed.

KLINGEMAN, J., not participating.