Opinion issued July 25, 2002










 




In The

Court of Appeals

For The

First District of Texas






NOS. 01-01-00290-CR

 01-01-00291-CR






CHARLENE KELLEY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause Nos. 863901 & 863902






O P I N I O N


 A jury found appellant, Charlene Kelley, guilty of theft of an amount over
$1,500, but less than $20,000, and also found her guilty of burglary of a building. 
The court assessed punishment at two years in state jail, probated for five years, and
a $1,000 fine for the theft conviction, and assessed an identical punishment for the
burglary conviction. In two points of error, appellant challenges the legal and factual
sufficiency of the evidence for both crimes. We affirm.

Background

 Appellant worked for Centre Properties, a small business that manages and
resells foreclosed properties. Centre Properties is owned by the complainant, David
Flores. Appellant and Eric Dopp were the only other employees of the business. As
part of her job duties, appellant balanced the business's accounts and had the
authority to write checks on the Centre Properties checking account. 

 At the request of Flores, an accountant began a financial audit of the business
on Monday, February 7, 2000. That Friday evening, appellant cleaned out her office. 
She called Flores on Saturday, February 12, 2000, to inform him that, after
approximately three years of employment, she was leaving Centre Properties and
would begin a new job on Monday. 

 On Monday, February 14, 2000, Flores looked through the business's
checkbook and noticed a pattern of unauthorized checks made by appellant to herself
in the amount of her normal salary. That evening, appellant met with Flores in a
previously arranged meeting to discuss issues surrounding her resignation. At this
brief meeting, Flores did not mention the unauthorized checks he had discovered. 
Appellant briefly showed Dopp how to do some basic functions associated with her
job. Flores did not ask appellant for her security access card and key during this 10-to-15-minute meeting. 

 Around 10:30 p.m. on Tuesday, February 15th, appellant entered the locked
Centre Properties building using her access card and key. Appellant went to the
computer she had used while employed and copied a computer program onto a disk. 
The program was a database program that she had used to help manage Centre
Properties' holdings. The database program was found only on this one computer. 
Appellant then deleted some of the database's program files from the computer,
before leaving with her newly-made copy of the program. The next morning, Dopp
was unable to access the computer database. He called appellant at her new place of
employment. Appellant did not mention her activities from the night before and,
according to Dopp's testimony, blamed him for any problems. 

 Dopp also called Flores, and Flores contacted Jimmy Kantera, an acquaintance
who had extensive computer experience. Kantera's analysis of the situation, based
on his experience and the use of a computer-utilities program, indicated that a
compressed file had been created. Kantera testified that compressed files are often
created to facilitate the transfer of large files to floppy computer disks. His analysis
also showed that three files had been deleted, two pertaining to the database and one
related to the compressed file.

Standards of Review

 Both of appellant's points of error challenge the legal and factual sufficiency
of the evidence. When evaluating the legal sufficiency of the evidence, we must view
the evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Our
review of the factual sufficiency of the evidence requires us to ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that the
proof of guilt is so obviously weak as to undermine confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. Id. at 563.

Sufficiency of the Evidence for Theft

 We first address appellant's second point of error contesting the theft
conviction. A person commits theft if she unlawfully appropriates property with
intent to deprive the owner of property. See Tex. Pen. Code Ann. § 31.03 (Vernon
Supp. 2002). "Deprive" can mean either "to withhold property from the owner
permanently or for so extended a period of time that a major portion of the value or
enjoyment of the property is lost to the owner" or "to dispose of property in a manner
that makes recovery of the property by the owner unlikely." Tex. Pen. Code Ann.
§ 31.01(2) (Vernon Supp. 2002). 

 The indictment alleged that appellant had appropriated "MONEY AND ONE
COMPUTER PROGRAM" with the intent to deprive the complainant of the property. 
The indictment further alleged the value of the property appropriated was between
$20,000 and $100,000. The jury convicted appellant of the lesser included charge of
theft of an amount between $1,500 and $20,000.

 Appellant concedes that the evidence was sufficient to show that she
unlawfully appropriated money from Flores. (1) However, appellant contends the
evidence was insufficient to show that appellant committed the theft of a computer
program as alleged in the indictment. The State argues that the evidence is sufficient
to support a conviction for the theft of both money and a computer program. We
agree. 

 It is undisputed that appellant took a copy of the computer program. (2) This fact
is sufficient to demonstrate that appellant appropriated the computer program. 
Appellant also testified that she deleted at least part of the program. (3) Dopp and
Flores described the program as being "gone." Kantera testified that two database
program files were deleted and what remained of the database program was not
functional. Flores testified that it took several months to recreate the program. 

 The deletion of files was not necessary in order for appellant to make a copy
of the program. As noted above, there was testimony from which the jury could
conclude that either the program on the Centre Properties' computer was completely
removed or extensive damage had been done to it. Also, the jury could consider
appellant's own testimony that she was "angry" with Flores. Given all this, the jury
could reasonably infer an intent to deprive Flores of the computer program. We hold
that the evidence was legally sufficient to support the jury finding that theft of a
computer program had occurred.

 After reviewing the record, we hold the evidence is also factually sufficient. 
Although appellant testified, at times, that she only copied the program, and there was
some contradictory testimony regarding the functionality that remained after
appellant's nighttime actions, it is the jury's exclusive responsibility to judge the
credibility of witnesses and reconcile conflicts in the evidence. Mosley v. State, 983
S.W.2d 249, 254 (Tex. Crim. App. 1998). The evidence of guilt was not greatly
outweighed by contrary proof.

 We overrule appellant's second point of error.

Sufficiency of the Evidence for Burglary 

 In her first point of error, appellant contends the evidence was legally and
factually insufficient to prove burglary. The indictment charged that appellant
entered a building owned by the complainant without his "effective consent" with 
"intent to commit theft." See Tex. Pen. Code Ann. § 30.02 (Vernon Supp. 2002). 
Appellant argues that the evidence was insufficient to show that she entered the
building without effective consent or had the necessary intent to commit theft. 

Effective Consent

 The State argues that because Flores never gave appellant consent to enter the
building at night after she resigned her position, the jury could have found that
appellant entered without effective consent. We agree. Flores testified, as follows,
that following the brief meeting on February 14, 2000, there were no plans for 
appellant to return.

 [State]: Were there any plans for her to come back?

 [Flores]: Absolutely not.

 [State]: Did you take her card key from her, the security card for
her access to the building?


 [Flores]: No.

 [State]: Why not?

 [Flores]: The biggest--I guess the real reason is because I didn't
think about it at the time. I was still pretty shocked about
what had happened and did not feel that I had anything to
risk since--of her coming back for the reason that she had
emptied out her entire office and--I mean, I'm talking
about all the way to stickers on the wall.


 [State]: Was there any reason for her to come back? Did you make
any plans for a meeting that would authorize her to come
back after this February 14th date?


 [Flores]: No meeting, no plans.

 . . .

 [State]: Okay. Did you authorize her in that meeting to come back
for any reason at all?


 [Flores]: No.

Testimony from the owner of a building that a person was not authorized to enter the
building can be legally sufficient to show that entry was made without effective
consent. See e.g., Blanton v. State, 633 S.W.2d 903, 904 (Tex. Crim. App. 1982);
Anderson v. State, 481 S.W.2d 810, 811 (Tex. Crim. App. 1972). Additionally, the
jury is entitled to draw reasonable inferences from the evidence. See Lacour v. State,
8 S.W.3d 670, 671 (Tex. Crim. App. 2000). Here, the jury could have inferred that
appellant would not normally have consent to enter her former place of employment
unaccompanied at night. This inference combined with Flores's testimony that he did
not authorize appellant to return for any reason is legally sufficient to show that the
entry was made without effective consent.

 The evidence is also factually sufficient. The fact that appellant previously had
consent to enter freely and Flores did not ask her to return her access card and key is
evidence suggesting that she still had consent to enter the building. However, we
cannot say that this evidence greatly outweighs the evidence for a lack of effective
consent. See King, 29 S.W.3d at 563.

Intent to Commit Theft 

 When, as here, a defendant is indicted for burglary under the theory that she
entered "with intent to commit theft," the State must show that the defendant's intent
existed at the time of her entry. Linder v. State, 828 S.W.2d 290, 294 (Tex.
App.--Houston [1st Dist.] 1992, pet. ref'd). The intent to commit theft may be
inferred from the defendant's conduct and surrounding circumstances. Id.; see
Simmons v. State, 590 S.W.2d 137, 138 (Tex. Crim. App. 1979); Wilkerson v. State,
927 S.W.2d 112, 115 (Tex. App.--Houston [1st Dist.] 1996, no pet.). In a previous
case that involved forced entry, we held that a jury could properly infer the intent to
commit theft when entry was made without consent in the nighttime. Wilkerson, 927
S.W.2d at 115 (citing Mauldin v. State, 628 S.W.2d 793, 795 (Tex. Crim. App. 1982);
Thomas v. State, 750 S.W.2d 320, 322-23 (Tex. App.--Dallas 1988, no pet.)). 
Although nighttime, non-consensual entry alone may not be sufficient to show the
intent to commit theft under our circumstances, where entry was gained without force
by a former employee, there is additional evidence which combines to sufficiently
prove the intent element. 

 There was evidence suggesting that appellant was upset with Flores following
the Monday meeting. Notably, she testified, "I had agreed to help him until he bad-mouthed me, and then I took my program and left." Appellant also described herself
as "angry" when she entered the building. It is undisputed that appellant made a copy
of the program and deleted files associated with that program. We have previously
held that the evidence was sufficient for the jury to find that appellant committed
theft. Thus, in the light most favorable to the verdict, there was evidence that
appellant entered the building at night, without the effective consent of Flores, was
upset with Flores, and committed theft once inside. This evidence is legally sufficient
to support the jury finding appellant had the necessary intent to commit theft when
she entered the building.

 The evidence is also factually sufficient. Appellant claimed that her true intent
was to make a copy of a computer program that actually belonged to her. The jury
was entitled to reject this testimony. See Mosley, 983 S.W.2d at 254. The evidence
for an innocent motive does not greatly outweigh the evidence suggesting that
appellant's intent was to commit theft.

 We overrule appellant's first point of error.

 We affirm the judgment of the trial court. 



 Michael H. Schneider

 Chief Justice


Panel consists of Chief Justice Schneider and Justices Hedges and Nuchia. 

Do not publish. Tex. R. App. P. 47
1. Evidence was introduced to show that appellant received unauthorized
funds totaling as much as $17,650.
2. Appellant testified, "I had agreed to help him until he bad-mouthed me,
and then I took my program and left." 
3. When asked by the State on cross-examination if she deleted the
program, appellant responded, "Not all of it." At another point the State
asked, "You were so angry you went and took this copy because you
didn't want David Flores to have it, but you left a copy in the
computer?" Appellant replied, "I left the basic setup of it, and someone
who knows Access would be able to recreate a database if they wanted
to."