COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS
 
)
ARMANDO SILVA,                                        )                  No. 08-04-00366-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  41st District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20030D06128)
 
 
O P I N I O N
 
            Armando Silva appeals his conviction of theft. The trial court assessed punishment at two
years’ imprisonment in the state jail facility. Finding no error, we affirm.
FACTUAL SUMMARY
            Frank Morales is a superintendent for C.F. Jordan Construction Company. On November
14, 2003, he was driving home around 6 p.m. when he noticed someone trying to move a Bobcat
tractor from the construction site. The Bobcat was owned by Hertz Equipment Rental and rented
to C.F. Jordan. Morales confronted the men and asked Appellant who had given him permission to
move the Bobcat. Appellant answered that “Bill” had given him permission. Morales did not know
anyone named Bill who either worked for his company or would have had anything to do with the
equipment.
            Officer Huante was dispatched to the scene and questioned Appellant. Appellant told him
that Bill said he could pick up the Bobcat, but he didn’t know Bill’s last name or address. Appellant
tried to call Bill on his cell phone but couldn’t reach him. Officer Huante asked Appellant to show
him the number he dialed, but Appellant said he couldn’t find the number and he couldn’t redial
because the number wasn’t displayed on the phone. 
            Appellant explained that he was borrowing the Bobcat to clean out some stables and planned
to return it to the construction site. When questioned about the location of the stables, Appellant was
evasive and mentioned it was somewhere in San Elizario or Socorro. Appellant was arrested and
indicted for theft. In two issues for review, he complains of evidentiary error.LEGAL SUFFICIENCY
            In his first issue, Appellant complains that the evidence was legally insufficient to establish
that he appropriated the property without the effective consent of Steve Griffith. Griffith was the
branch manager for Hertz Equipment Rental in El Paso. 
Elements of Theft
            A person commits theft if he unlawfully appropriates property with the intent to deprive the
owner of the property. Tex.Penal Code Ann. § 31.03(a)(Vernon Supp. 2005); Rushing v. State,
141 S.W.3d 739, 742 (Tex.App.--El Paso 2004, no pet.). Appropriation of property is unlawful if
it is without the owner’s effective consent. Tex.Penal Code Ann. § 31.03(b); Id. An owner is a
person who has title to property, possession of the property, whether lawful or not, or a greater right
to possession of the property than the actor. Tex.Penal Code Ann. § 1.07(35)(A)(Vernon Supp.
2005). When a corporation is the owner of stolen property, it is proper to allege a person who acts
for the corporation as the owner. Sowders v. State, 693 S.W.2d 448, 451 (Tex.Crim.App. 1985). 
The indictment alleged that Appellant had unlawfully appropriated the Bobcat tractor from Griffith. 

Standard of Review
            In reviewing legal sufficiency, we must review the evidence in the light most favorable to
the verdict to determine whether any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). We defer to the trier
of fact’s determinations regarding the weight and credibility of the evidence because they are in the
best position to review the evidence first hand. Matson v. State, 819 S.W.2d 839, 843
(Tex.Crim.App. 1991), citing Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988);
Johnson, 23 S.W.3d at 9; Tex.Code Crim.Proc.Ann. art. § 38.04 (Vernon 1979). Our only duty
is to determine whether both the explicit and implicit findings of the trier of fact are rational by
viewing all the evidence in a light most favorable of the verdict. Dewberry v. State, 4 S.W.3d 735,
740 (Tex.Crim.App. 1999); Adelman v. State, 828 S.W.2d 418, 422 (Tex.Crim.App. 1992). In so
doing, any inconsistencies in the evidence are resolved in favor of the verdict. Matson, 819 S.W.2d
at 843. The standard of review is the same for both direct and circumstantial evidence cases. Geesa
v. State, 820 S.W.2d 154, 158 (Tex.Crim.App. 1991).
Analysis of the Evidence
            Appellant contends the evidence was legally insufficient to support his conviction of theft
because the State failed to offer any evidence from Steve Griffith that he did not give effective
consent to removal of the Bobcat from the construction site. In support of his argument, he directs
us to Williams v. State, 429 S.W.2d 503, 504 (Tex.Crim.App. 1968). There, the Court of Criminal
Appeals held that if the owner of the property testifies, then lack of consent should be proven
through the owner rather than by circumstantial evidence. From this, Appellant concludes the State
is not permitted to rely on circumstantial evidence if other means of proving lack of consent were
available. His reliance upon Williams is misplaced. The State may rely on both direct and
circumstantial evidence in proving the owner’s lack of consent. Taylor v. State, 508 S.W.2d 393,
397 (Tex.Crim.App. 1974). In so holding, the Court of Criminal Appeals expressly overruled any
cases holding otherwise. Id. 
            Morales testified it was customary for the superintendent of a construction site to be advised
of the transfer of machinery and equipment to another location. As superintendent of C.F. Jordan’s
construction site, Morales was never informed the Bobcat would be transferred. Even when
equipment was transferred from one site to another, it was done when the site was active and not
during evening hours. Here, the Bobcat was purportedly being moved after hours. 
            The evidence also established that C.F. Jordan had rented the Bobcat from Hertz Equipment
Rental. Steve Griffith, branch manager for Hertz, arrived on the scene and verified the Bobcat
belonged to Hertz Equipment Rental. Griffith informed Officer Huarte that the tractor could only
be moved by the construction company. While Appellant persisted in his statements that “Bill” gave
him permission to remove the Bobcat from the site, the evidence established that the company did
not employ anyone by the name of Bill. In viewing the evidence in the light most favorable to the
verdict, we conclude there was sufficient evidence to establish that Appellant appropriated the
property without Griffith’s consent. We overrule Issue One.
EXCLUSION OF TESTIMONY
            In his second issue, Appellant complains the trial court violated his due process rights by
excluding his wife’s testimony. 
Q:Mrs. [Silva], do you remember a day last November when your husband got
arrested?
 
A:Yes.
Q:Did you receive any unusual phone calls that day?
A:Yes, I did. I received a phone call.
Q:Okay. Who did the caller say he was?
            The State objected on the basis of hearsay. Appellant responded that the name of the caller
was not being asserted for the truth of the matter. The trial court sustained the objection and outside
the presence of the jury, Mrs. Silva testified:
Q:Mrs. [Silva], who did you receive a call from? 
 
A:From this gentleman who called asking for Armando and since this man only
spoke English, I didn’t understand him that much. 
 
Q:Did he tell you his name?

. . .
 
A:I don’t recall his name very well. You see, the thing is I cannot pronounce
it.

. . .
 
Q:Okay. Do you remember the name he gave you?
 
A:Yes. Like ‘Moravil’ [sic].

. . .
 
A:I didn’t understand him very well. His name was something like Bill -- Bill
something. I didn’t understand very well.
 
Q:Okay. What did you tell Bill or what did you tell the man on the phone?
 
A:I told him that he wasn’t there. That he -- that he was at the tire place where
they fix the flat tires and that’s all I told him.
 
Q:When you say you told him that he wasn’t there, who are you referring to that
he wasn’t there?
 
A:In other words, that my husband wasn’t at home. That he had gone to the
place where they fix the flat tires.

At the conclusion of the bill of exception, the State objected to relevancy and the trial court sustained
this objection as well.
            On appeal, however, Appellant contends the exclusion of testimony violated his due process
rights to present a defense. To preserve error, a defendant must timely object and obtain a ruling. 
Tex.R.App.P. 33.1(a). The objection at trial must comport with the error claimed on appeal. In the
court below, Appellant did not object that the exclusion of testimony was a violation of due process
or his right to present a defense. Having failed to raise the issue before the trial court, he has waived
review on appeal. Saldano v. State, 70 S.W.3d 873, 889 (Tex.Crim.App.2002)(failure to object in
a timely and specific manner during trial forfeits complaints about the admissibility of evidence,
including constitutional errors); Broxton v. State, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995)(denial
of due process and right to present defense were waived because issue on appeal did not correspond
to objection made at trial); Tex.R.App.P. 33.1(a). We overrule Issue Two and affirm the judgment
of the trial court. 

July 27, 2006                                                               
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)